UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MOINUDDIN QAZI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:09-cv-1782 |
| § | |
| HOUSTON CORNER STORE ET AL., § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is Plaintiff's Motion to Strike Defendants' Original Answer Filed by Asad M. Siddiqui (Doc. No. 11), and Plaintiff Moinuddin Qazi's ("Qazi") Request for Entry of Default and Motion for Default Judgment (Doc. No. 13). After considering the parties' filings and the applicable authority, the Court finds that Plaintiff's Motion to Strike should be denied, and Plaintiff's Motion for Default Judgment should be denied as well.

### I.   BACKGROUND

This is a suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiff alleges the following facts: Defendants employed Qazi worked as a cashier and store clerk at Houston Corner Store, a gas station and convenience store located at 11900 Veterans Memorial Drive, Houston, Texas 77067. During most of his work weeks, Qazi worked in excess of 40 hours per week. Defendants did not pay Plaintiff for the overtime wages he earned during his employment.

1

Plaintiff filed suit in this Court, seeking to recover alleged unpaid overtime compensation for the last three years, liquidated damages, post-judgment interest, and attorneys' fees and costs. Plaintiff properly served all Defendants (*see* Doc. Nos. 5, 6, & 9.)

## II.     MOTION TO STRIKE

On October 21, 2009, Defendant Asad M. Siddiqui ("Asad Siddiqui") filed a pro se Original Answer (Doc. No. 10) to Plaintiff's complaint. Asad Siddiqui addressed Plaintiff Qazi's allegations by stating, "Defendant denies each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Federal Rules of Civil Procedure." (Doc. No. 10, at 1.)

Qazi subsequently filed a Motion to Strike Siddiqui's responsive pleading (Doc. No. 11). Qazi asserts that Siddiqui's answer is defective because Siddiqui generally denied all of Plaintiff's allegations, rather than specifically admitting or denying each allegation in the complaint. This general denial, Qazi asserts, does not comply with Rule 8 of the Federal Rules of Civil Procedure. (Doc. No. 11 ¶ 4.)

Rule 8 provides, however, that a "party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial." Fed. R. Civ. P. 8(b)(3). Qazi has shown no evidence that Asad Siddiqui does not intend in good faith to deny all of the allegations in the original complaint. Thus, the Court will not strike Asad Siddiqui's complaint from the record.[1]

## III.    MOTION FOR DEFAULT JUDGMENT

---

[1] As to Qazi's untimeliness objection, the Court acknowledges that Siddiqui's answer was filed twelve days late. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). However, in the interests of justice, the Court will allow the answer to stand.

Qazi also seeks default judgment against Houston Corner Store, Cassandra D. Siddiqui, and Asad Siddiqui, the three Defendants in this case.

Qazi's motion is denied as to Asad Siddiqui. The Court finds that Asad Siddiqui has adequately pleaded or otherwise defended himself. *See* Fed. R. Civ. P. 55.

Qazi has submitted evidence that Defendant Houston Corner Store was served on July 14, 2009. Similarly, Qazi has submitted evidence that Defendant Cassandra D. Siddiqui was served on July 14, 2009. Neither Houston Corner Store nor Cassandra D. Siddiqui appears to have taken any action in connection with this suit. However, in Asad Siddiqui's answer, he identifies the party in question as Houston Corner Store. Cassandra D. Siddiqui is presumably Asad Siddiqui's relative. Given that Defendant is pro se, and in the interests of justice, the Court will construe Asad Siddiqui's answer as representing all three Defendants. The Court finds that Defendants Houston Corner Store and Cassandra D. Siddiqui have adequately pleaded or otherwise defended themselves. *See* Fed. R. Civ. P. 55. Qazi's motion is denied as to these remaining Defendants.

Nothing in this Order precludes the Court from entering a default judgment order at a later date if it appears that pro se Defendant Asad Siddiqui does not represent all three Defendants in this case, and the remaining Defendants do not appear before the Court.

It is hereby **ORDERED**:

1. Plaintiff's Motion to Strike (Doc. No. 11) is **DENIED**; and

2. Plaintiff's Request for Entry of Default and Motion for Default Judgment (Doc. No. 13) is **DENIED**.

**IT IS SO ORDERED**.

SIGNED at Houston, Texas, on this the 6th day of January, 2010.

3

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**